## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAKEISHA ELLIS ) <br> 507B MONTGOMERY STREET ) <br> LAUREL, MD 20707 ) <br>     PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> GEORGETOWN UNIVERSITY HOSPITAL ) <br> 3800 RESERVOIR ROAD, NW ) <br> ROOM 3 CCC ) <br> WASHINGTON, DC 20007 ) <br>     DEFENDANT. ) <br> ) | **COMPLAINT** <br><br><br><br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Lakeisha Ellis ("Ellis" or "Plaintiff"), by her attorney, Denise M. Clark, alleges as follows:

## NATURE OF ACTION

1. This is a challenge to Defendant's unlawful employment discrimination against Ellis, based on her disability in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 791, as amended, ("Rehabilitation Act"); and the District of Columbia Human Rights Act, D.C. Code Ann. §2-1401.01 *et seq*.

2. This action concerns Defendant's discriminatory action of refusing to reasonably accommodate Plaintiff because of her disability and Defendant's discriminatory termination of Plaintiff upon regarding Plaintiff as disabled.

3. To remedy this violation of the ADA, Plaintiff seeks back pay, compensatory damages, attorneys' fees and costs, injunctive relief, and such other equitable relief this Court deems appropriate.

4. Ellis was hired by the Defendant as a Patient Financial Associate in the Patient Access Department at Georgetown University Hospital.

5. Ellis performed quite well, and so she was moved to various departments where she received training regarding the needs of each department.

6. On July 25, 2006, Ellis was assigned to the Emergency Department (ED). There she began experiencing a sudden onset of symptoms brought about by her disability. Ellis was examined by her primary care primary care physician at a Kaiser facility located in Hyattsville, Maryland. The doctor not only diagnosed Ellis with pancreatitis and gastroenteritis but determined that working in the ED under its conditions exacerbated Ellis's disability and was detrimental to her health. Ellis primary care physician prepared a letter to Ellis's employer detailing his diagnosis and conclusions.

7. Defendant subsequently terminated Ellis because of her disability.

## JURISDICTION AND VENUE

8. Jurisdiction of the Court over this controversy is invoked pursuant to the provisions of 29 U.S.C. § 1331; 28 U.S.C. § 1343(a)(4); 42 U.S.C.A. 2000e-5 (f); and D.C. Code § 11-921.

9. This court has personal jurisdiction pursuant to D.C. Code § 2-1403.16.

10. The unlawful employment practices alleged below were committed within the District of Columbia. Accordingly, venue lies in the United States District Court for the District of Columbia

11. Venue is proper in the U.S. District Court in the District of Columbia pursuant to 28 U.S.C. §1391(a).

## PARTIES

12. Plaintiff is a citizen of the United States and resides in Laurel, Maryland.

13. The Defendant, a hospital located in Washington, D.C., is a private employer with fifteen or more employees and is therefore prohibited pursuant to the ADA, from discriminating against otherwise qualified people with disabilities in the terms or conditions of employment.

## FACTUAL ALLEGATIONS

14. Plaintiff was hired by the Defendant on May 11, 2006. Ellis was hired as a Patient Financial Associate in the Patient Access Department at Georgetown University Hospital in the Gorman Department and the Main Department.

15. Upon being hired Ellis was notified that there was a temporary probationary period which was designed for the employees to "become proficient in the basic responsibilities of a new position" there was no indication that Ellis would be training in a department for which she was not hired to work in.

16. On July 25, 2006 Ms. Ellis's supervisor, Fannice Beckett, asked Ellis to work in the Emergency Department (ED). Upon her arrival, Ellis began experiencing complications with her asthma, suffering an asthma attack among other complications.

17. Ellis informed her Team Leader, Rennie McKenzie of her condition.

18. Ellis was examined by her primary care doctor at a Kaiser facility located in Hyattsville, Maryland. The doctor not only diagnosed Ellis with pancreatitis and gastroenteritis but

determined that working in the ER under its current conditions was detrimental to her health.

19. The physician documented his diagnosis and his conclusions about Ellis' employment situation.

20. That evening Ellis contacted her supervisor that she could not train in the ED because of her disability; her supervisors' immediate response was "if you cannot work in the Emergency Department then we will have to part ways."

21. On July 27, 2006, Ellis was contacted by her physician and learned that her disability had caused her to contract gastroenteritis and pancreatitis during the short while that she was assigned to the ED.

22. On July 31, 2006, Ellis met with her supervisor and her department director where Ms. Ellis stated that although she could not work in the ED because of her disability, she was willing to work in any department. The meeting was concluded when the Department Director told Ellis that they would notify her the following day if they were going to accept Ms. Ellis's restrictions and accommodate her or if they were going to terminate her.

23. Ellis also met with the Human Resources Department and spoke to Ms. Angela Freeman who assured Ellis not to worry because her "health was non-negotiable."

24. On August 1, 2008, Ellis spoke to her supervisor who told her that she could wait on the premises or go home and return when she received a phone call telling her a decision had been reached. Ellis decided to return to her home.

25. By letter, dated August 2, 2006, Defendant informed Ellis that she was being terminated because she had not followed the supervisors' instructions and remained on the premises

4

while a decision was being made. The letter also stated that Ellis "could not fulfill the requirements of the position."

26. Ellis is a highly motivated employee who was recognized for scoring the highest score in a long time on her pre-employment testing and on her post-hiring training.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

27. Prior to filing this action, Plaintiff timely filed his written charge under oath asserting disability discrimination with the Equal Employment Opportunity Commission (EEOC) within the appropriate number of days by filing with the EEOC. A copy of said charge is attached hereto and marked Exhibit "A." Said Exhibit "A" is incorporated herein as though herein set forth in full. The EEOC issued a right to sue letter to Plaintiff on April 4, 2008 permitting him to file this action in federal district within 90 days of receipt of this letter. Plaintiff received the letter on April 6, 2008.

28. In conformance with law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving his right to sue letter from the EEOC, which she received on April 6, 2008.

## CLAIMS FOR RELIEF

## DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

29. Plaintiff realleges and incorporates Paragraphs 1 through 28.
30. Defendant is an employer within the meaning of the District of Columbia Human Rights Act. D.C. Code Ann., §2-1401.02(10).

31. Plaintiff suffers from the physical impairment asthma, which substantially limits her breathing, a major life activity. D.C. Code Ann., §2-1401.02(5A).

32. Plaintiff's asthma, even with mitigating measures, was a disability when Plaintiff was placed in Defendant's ED, because of the atmospheric conditions of that Department.

33. Plaintiff was qualified to perform the requisite activities of her position.

34. Her position did not require her to be placed in the ED to complete her work, as there were other Departments where Plaintiff could perform primary activities of Plaintiff's position.

35. The attack was witnessed by Plaintiff was perceived by Plaintiff's supervisor.

36. Plaintiff sought an accommodation to her working conditions, specifically assignment to another Department which did not have an atmospheric condition that would exacerbate her physical impairment.

37. Following Plaintiff's request for accommodation, she was fired.

38. Due to Defendant's discriminatory action in violation of the District of Columbia Human Rights Act, Ellis is entitled to injunctive relief, back pay, compensatory damages and attorneys' fees and costs.

## AMERICANS WITH DISABILITIES ACT OF 1990

39. Plaintiff alleges and incorporates Paragraphs 1 through 38, above.

40. Under the ADA, Defendant was required to provide Ellis with reasonable accommodations in order to perform her job, which Defendant failed to provide. 42 U.S.C. §12102(2).

41. Defendant was notified by Ellis of her condition and immediately threatened to terminate Ellis.

42. Defendant proceeded to terminate Ellis falsely claiming that it was because she did not follow instructions.

43. Due to her severe asthma, Ellis has a "physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. §12102(2)(A).

44. As required by the ADA, Ellis "has the requisite skills, experience, and education for the job she holds or desires and can perform the essential functions of that job with or without reasonable accommodation." 29 C.F.R. app. §1630.2(m).

45. Due to Defendant's ADA violation, Ellis is entitled to injunctive relief, back pay, compensatory damages and attorneys' fees and costs.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

46. Award Plaintiff back pay.

47. Award Plaintiff injunctive relief;

48. Award Plaintiff compensatory damages;

49. Award Plaintiff punitive damages;

50. Award Plaintiffs reasonable attorneys' fees as well as the costs of this action

51. Award such other relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: July 7, 2008

                                               Respectfully submitted,

                                               */s/ Denise M. Clark*

                                               Denise M. Clark (420480)
                                               The Law Office of Denise M. Clark
                                               1250 Connecticut Ave, N.W., Suite 200
                                               Washington, D.C. 20036
                                               P:(202) 293-0015/F:(202) 293-0115
                                               dmclark@benefitcounsel.com
                                               www.benefitcounsel.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
LAKEISHA ELLIS
507b MONTGOMERY STREET
LAUREL, MD 20707

## DEFENDANTS
GEORGETOWN UNIVERSITY HOSPITAL
3800 RESERVOIR ROAD. NW #3CCC
WASHINGTON, DC 20007

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Prince George's
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Washington DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DENISE M. CLARK
1250 CONNECTICUT AVENUE NW SUITE 200
WASHINGTON, DC 20006

Case: 1:08-cv-01174
Assigned To : Bates, John D.
Assign. Date : 7/7/2008
Description: Civil Rights-Non-Employ.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)* OR ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ⊗ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>⊗ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊗ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 12101 ADA

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ⊗   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE JULY 7, 2008   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.