## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAKEISHA ELLIS ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> GEORGETOWN UNIVERSITY HOSPITAL ) <br> ) <br>     Defendant. ) <br> ) | Case No. 1:08-cv-01174-JDB <br> Judge John D. Bates |

## ANSWER

Defendant Georgetown University Hospital ("Georgetown"), by and through counsel, hereby files its Answer to Plaintiff's Complaint and in support thereof respectfully states the following:

### NATURE OF ACTION

1.    The allegations in Paragraph 1 of the Complaint set forth jurisdictional and legal conclusions to which no response is required. To the extent that Paragraph 1 is construed to contain factual allegations to which a response is required, Georgetown denies those allegations.

2.    The allegations in Paragraph 2 of the Complaint set forth legal conclusions to which no response is required. To the extent Paragraph 2 is construed to contain factual allegations to which a response is required, Georgetown denies those allegations.

3.    The allegations in Paragraph 3 of the Complaint set forth legal conclusions to which no response is required. To the extent Paragraph 3 is construed to contain factual allegations to which a response is required, Georgetown denies those allegations.

4.    Georgetown admits the allegations in Paragraph 4 of the Complaint.

5. Georgetown denies the allegations contained in Paragraph 5 of the Complaint.

6. Georgetown is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, denies those allegations.

7. Georgetown denies the allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 of the Complaint constitute jurisdictional statements and legal conclusions to which no response is required. To the extent Paragraph 8 is construed to contain factual allegations to which a response is required, Georgetown denies those allegations.

9. The allegations contained in Paragraph 9 of the Complaint constitute jurisdictional statements and legal conclusions to which no response is required. To the extent Paragraph 9 is construed to contain factual allegations to which a response is required, Georgetown denies those allegations.

10. The allegations contained in Paragraph 10 of the Complaint constitute jurisdictional statements and legal conclusions to which no response is required. To the extent Paragraph 10 is construed to contain factual allegations to which a response is required, Georgetown denies those allegations.

11. The allegations contained in Paragraph 11 of the Complaint contain jurisdictional statements and legal conclusions to which no response is require. To the extent Paragraph 11 is construed to contain factual allegations to which a response is required, Georgetown denies those allegations.

**PARTIES**

12. Georgetown is without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the allegations.

13. Georgetown admits that Georgetown is a private employer with 15 or more employees. With respect to the other allegations contained in Paragraph 13, Georgetown states that they constitute legal conclusions to which no response is required. To the extent Paragraph 13 is construed to contained factual allegations to which a response is required, Georgetown denies those allegations.

**FACTUAL ALLEGATIONS**

14. Georgetown denies the allegations contained in Paragraph 14 of the Complaint.

15. Georgetown denies the allegations contained in Paragraph 15 of the Complaint.

16. Georgetown is without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint and, therefore, denies those allegations.

17. Georgetown denies the allegations contained in Paragraph 17 of the Complaint.

18. Georgetown is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint and, therefore, denies those allegations.

19. Georgetown is without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint and, therefore, denies those allegations.

20. Georgetown denies the allegations contained in Paragraph 20 of the Complaint.

21. Georgetown is without sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint and, therefore, denies those allegations.

22. Georgetown denies the allegations contained in Paragraph 22 of the Complaint.

23. Georgetown denies the allegations contained in Paragraph 23 of the Complaint.

24. Georgetown denies the allegations contained in Paragraph 24 of the Complaint.

25. Georgetown denies the allegations contained in Paragraph 25 of the Complaint.

26. Georgetown denies the allegations contained in Paragraph 26 of the Complaint.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

27. Georgetown is without sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint and, therefore, denies those allegations.

28. Georgetown is without the sufficient information to admit or deny the allegations contained in Paragraph 28 and, therefore, denies those allegations.

**CLAIMS FOR RELIEF**
**DISTRICT OF COLUMBIA HUMAN RIGHTS ACT**

29. Georgetown hereby restates and reincorporates by reference its answers contained in Paragraphs 1 through 28 above. Georgetown further denies any additional allegations contained in Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 of the Complaint contain legal conclusions and jurisdictional statements to which no response is required. To the extent the allegations contained in Paragraph 30 are construed to contain factual allegations to which a response is required, Georgetown denies those allegations.

31. Georgetown denies the allegations contained in Paragraph 31 of the Complaint.

32. Georgetown denies the allegations contained in Paragraph 32 of the Complaint.

33. Georgetown denies the allegations contained in Paragraph 33 of the Complaint.

34. Georgetown denies the allegations contained in Paragraph 34 of the Complaint.

35. Georgetown denies the allegations contained in Paragraph 35 of the Complaint.

36. Georgetown denies the allegations contained in Paragraph 36 of the Complaint.

37. Georgetown admits that Plaintiff's employment was terminated but denies the other allegations contained in Paragraph 37 of the Complaint.

38. Georgetown denies the allegations contained in Paragraph 38 of the Complaint.

## AMERICANS WITH DISABILITIES ACT

39. Georgetown hereby restates and reincorporates by reference its Answers contained in Paragraphs 1 through 38 above. Georgetown further denies any additional allegations contained in Paragraph 39 of the Complaint.

40. Georgetown denies the allegations contained in Paragraph 40 of the Complaint.

41. Georgetown denies the allegations contained in Paragraph 41 of the Complaint.

42. Georgetown denies the allegations contained in Paragraph 42 of the Complaint.

43. Georgetown denies the allegations contained in Paragraph 43 of the Complaint.

44. Georgetown denies the allegations contained in Paragraph 44 of the Complaint.

45. Georgetown denies the allegations contained in Paragraph 45 of the Complaint.

## PRAYER FOR RELIEF

Georgetown denies and disputes Plaintiff's entitlement to any of the relief sought in her Complaint, including, but not limited to, back pay, injunctive relief, compensatory damages, punitive damages, attorneys' fees, costs, expenses, and any other legal or equitable relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state claims upon which relief may be granted.

### Second Affirmative Defense

Upon information and belief, Plaintiff has failed to exhaust internal and administrative remedies prior to filing suit.

### Third Affirmative Defense

Plaintiff has failed to file suit within the applicable statute of limitations period.

### Fourth Affirmative Defense

Upon information and belief, Plaintiff has failed to mitigate her damages.

### Fifth Affirmative Defense

Defendants' actions were based on legitimate factors and were not based on discriminatory or other unlawful motives.

### Sixth Affirmative Defense

This action or any relief sought by Plaintiff is barred, in whole or in part, because Georgetown may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not yet been completed. Accordingly, Georgetown reserves the right to supplement the foregoing and raise additional defenses as may appear as the case progresses.

WHEREFORE, Georgetown respectfully requests that the Complaint be dismissed in its entirety and that it be granted such other and further relief as is deemed just and proper.

Respectfully submitted,

Dated:  August 12, 2008                     /s/ Keith J. Harrison
                                                    Keith J. Harrison (D.C. Bar # 464755)
                                                    Trina L. Fairley (D.C. Bar # 464102)
                                                    Christopher Calsyn (D.C. Bar. # 500198)
                                                    CROWELL & MORING
                                                    1001 Pennsylvania Avenue, N.W.
                                                    Washington, DC 20004
                                                    (202) 624-2500 (telephone)
                                                    (202) 628-5116 (fax)

                                                    *Counsel for Defendant*
                                                    *Georgetown University Hospital*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 12th day of August 2008, I caused a copy of the foregoing ANSWER to be delivered via electronic mail in accordance with the U.S. District Court for the District of Columbia's Rules of Civil Procedure to the following individual:

>Denise Clark
>The Law Offices of Denise M. Clark
>1250 Connecticut Ave., Suite 200
>Washington, DC 20036
>(202) 293-0015
>dmclark@benefitcounsel.com
>
>Counsel for Plaintiff

/s/ Keith J. Harrison
Keith J. Harrison